IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANNIA

| | |
|---|---|
| KYLE SHOLTIS,<br><br>         *Plaintiff*,<br><br>v.<br><br>CITY OF PITTSBURGH, MAG PITT, L.P.<br>*doing business as* CHEERLEADERS, and<br>MATTHEW TURKO,<br><br>         *Defendants*. | Civil Action No. 2:19-cv-0332<br><br>Hon. William S. Stickman, IV |

## **MEMORANDUM OPINION**

WILLIAM S. STICKMAN IV, District Judge.

    Plaintiff filed a Complaint on March 26, 2019 (ECF No. 1), followed by an Amended Complaint (ECF No. 26) on August 8, 2019. Defendant Mag Pitt, L.P. filed its Answer on August 21, 2019 (ECF No. 28), and Defendant Matthew Turko filed his Answer on September 6, 2019 (ECF No. 35). Defendant City of Pittsburgh ("City") filed a Motion to Dismiss (ECF No. 36) on September 6, 2019. Briefing on the City's motion has concluded, and the matter is now ripe for disposition.

    A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir.1993). "[A] motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011). The "plausibility" standard required for a complaint to survive a motion to dismiss is not akin to a

1

"probability" requirement but asks for more than sheer "possibility." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). In other words, the complaint's factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations are true even if doubtful in fact. *Twombly*, 550 U.S. at 555. Although the Court must accept the allegations in the Complaint as true, it is "not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (citations omitted).

Count II of Plaintiff's Amended Complaint, which is directed to the City, is entitled "Violation of the Fourth Amendment for Unconstitutional Policy and Custom Pursuant to 42 U.S.C. § 1983 (As to Pittsburgh)." Plaintiff contends the City "has a policy and custom of permitting, promoting and training its police officers to use excessive force against citizens." *See* Plaintiff's Amended Complaint ("Pl.'s Am. Compl.") ¶ 30. He further asserts that he "suffered actual physical injury, as well as emotional distress, humiliation, embarrassment and pain and suffering because of Pittsburgh's policy and custom of using excessive force against citizens without justification or provocation." *See* Pl.'s Am. Compl. ¶ 44.

The Court holds that Plaintiff has pled a cognizable claim under 42 U.S.C. § 1983 sufficient to survive a motion to dismiss. A municipal entity cannot be held liable pursuant to § 1983 under the theory of *respondeat superior*. *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 691 (2018). Instead, municipal entities may only be held liable under § 1983 on (1) an express municipal policy, such as an ordinance, regulation, or policy statement, *see Monell*, 436 U.S. at 694, (2) a "widespread practice, that although not authorized by written law or express municipal policy, is 'so permanent and well settled as to constitute a custom or usage' with the

force of law," see *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 167-68 (1970)), or (3) the decision of a person with "final policymaking authority." *See Praprotnik*, 485 U.S. at 123; *see also Pembaur v. City of Cincinnati*, 475 U.S. 469, 481-83 (1986). Count II of Plaintiff's Amended Complaint asserts the second type of *Monell* claim—a custom or usage that violated his constitutional rights. The recent decision of the Third Circuit in *Estate of Roman v. City of Newark*, 914 F.3d 789 (3d. Cir. 2019), outlines the basic requirements of pleading such a claim. In light of the guidance set forth in *Roman*, and viewing the allegations in a light most favorable to the Plaintiff, the Court holds that Count II of the Complaint has pled sufficient facts to maintain a claim that the City has an actionable custom of permitting, promoting and training its police officers to use excessive force against citizens. Whether Plaintiff will, ultimately, be able to prevail on his claim against the City is a question for another day. At this stage, Plaintiff's municipal liability claim against the City survives dismissal.

AND NOW, this **23** day of October 2019, Defendant City of Pittsburgh's Motion to Dismiss (ECF No. 36) is DENIED.

_____
**WILLIAM S. STICKMAN IV**
**UNITED STATES DISTRICT JUDGE**